IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS FELIPE AGUIRRE GUTIERREZ,<br><br>Petitioner,<br><br>vs.<br><br>STEVE FANNON, Warden, Work Ethic Camp; TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;<br><br>Respondents. | **8:26CV491**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Carlos Feilpe Aguirre Gutierrez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Filing No. 9 at 3. He entered the United States and was encountered by Border Patrol in Texas on March 13, 2021. Filing No. 9 at 3. He was granted voluntary departure to Mexico. Filing No. 9 at 3. On March 24, 2021, Petitioner was encountered by Border Patrol in Texas and granted voluntary departure. Filing No. 9 at 3. On April 3, 2021, Petitioner was again encountered by Border Patrol in New Mexico and granted voluntary departure. Filing No. 9 at 3.

On July 10, 2026, ICE performed record checks in Nebraska and found records of an expired protection order involving Petitioner. Filing No. 9 at 3–4. ICE subsequently located and arrested Petitioner and placed him in removal proceedings. Filing No. 9 at 4. Respondents have denied Petitioner a bond hearing.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Where an immigrant has previously been removed and reentered the United States illegally, he or she is subject to mandatory detention based on reinstatement of the prior removal order. 8 U.S.C. § 1231(a)(5). Here, however, Respondents assert[1] Petitioner was never ordered removed but was granted voluntary departure. Filing No. 9 at 3. "The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to [removal]

[1] Despite being ordered to produce all supporting documents referenced in the deportation officer's affidavit, Filing No. 4 at 2 (show cause order), Respondents provided no documentation demonstrating the nature of Petitioner's prior immigration contacts. Accordingly, there is no basis for the Court to presume a prior removal order exists which could be reinstated.

proceedings." 8 U.S.C. § 1229c(a)(1). Accordingly, there is no prior removal order to reinstate, and Petitioner is not subject to mandatory detention on this basis.

Respondents instead argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(a), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned has also determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case. Accordingly, Petitioner must be released. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 23, 2026.**
5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 17th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge